ROSARIO PORTALATÍN, Plaintiff and Appellee, v. ARMANDO MENA BUXEDA and INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Defendants and Appellants.

No. 11260. Argued November 12, 1954.—Decided November 30, 1954.

*Juan Enrique Géigel, Guillermo Silva* and *Hernán G. Pesquera* for appellants. *Ramón Ferrer Delgado, Gilberto R. Padró Díaz* and *Sigfredo Vélez González* for appellee.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

Ramón Portalatín, a youth 17 years of age, died on December 31, 1950, as a consequence of injuries sustained on the previous day when he was run over by a motor vehicle on insular highway No. 2 between Hatillo and Arecibo. His legitimate mother filed an action for damages in the former District Court of Puerto Rico, Arecibo Section, against Armando Mena Buxeda, owner and driver of the vehicle which caused the injuries sustained by her son and also against the Indemnity Insurance Co. of North America, insurer of said vehicle. She alleged in the complaint that the accident in which her son lost his life, was due to the negligence of defendant Mena Buxeda.

Defendants answered and denied the essential averments of the complaint and as alternative defenses they alleged, (1) that the accident was due to the negligence of the deceased minor; (2) that the accident was due to the contributory negligence of the minor; and (3) that the accident

was unfortunate and fortuitous, and that there was no fault or negligence on the part of defendant Mena Buxeda.

After a trial on the merits, the trial court rendered judgment against defendants ordering them to pay plaintiff $8,000 as damages, plus costs and $400 as attorney's fees, limiting the insurance company liability to $5,000, plus costs and attorney's fees, which was the maximum limit of the policy.

The true issue between the parties centered on how the accident occurred. The evidence in this respect was contradictory. The theories of both parties were inconsistent. In settling the conflicting evidence in plaintiff's favor, the trial court made the following findings of fact:

"3. On December 30, 1950, at about 5:30 p.m., minor Ramón Portalatín was riding on a bicycle at kilometer 79 of Insular Highway No. 2, in Barrio Hato Abajo of Arecibo, on his right, in the direction from west to east, that is, from Hatillo to Arecibo, when suddenly and in the same direction a Studebaker pick-up, license No. C–68–326, driven by its owner, codefendant Armando Mena Buxeda, approached at an excesive speed, without blowing its horn or giving any warning whatsoever and struck minor Ramón Portalatín with its front part throwing him against the curb, about a meter and a half from the right edge of the highway and causing him injuries as a consequence of which he died the following day in a hospital of Arecibo.

"4. At the particular point where the accident occurred the highway is broad, with a clear view, and there was no traffic in an opposite direction to that in which Portalatín and Mena Buxeda were traveling at the time of the accident. Although codefendant Mena Buxeda noticed in time the presence of the bicyclist, Ramón Portalatín, he did not stop before the impact against the minor's bicycle, but did so immediately after striking it.

"5. The accident was due solely and exclusively to the fault, negligence, obstinacy, recklessness and lack of care and circumspection of codefendant Armando Mena Buxeda when driving his pick-up in the way previously described. The sole and proximate cause of the accident was codefendant's conduct."

On appeal, defendants charge that the trial court committed manifest error in weighing the evidence and in concluding that codefendant Armando Mena Buxeda was guilty of negligence.

In our opinion, the error assigned was not committed. The trial judge believed plaintiff's witness, Jaime Rivera Urdaz, who testified that the accident occurred in the way described in the findings of fact previously copied. To contradict his testimony defendants presented (1) several photographs of Mena Buxeda's vehicle, taken three days after the accident. These photographs show a dent in the right rear bumper of the vehicle; and the tires seem to be in good condition, that is, with their grooves or "buttons", and besides, the vehicle does not show damage in its front part; (2) certificates issued by the Department of the Interior establishing that (a) during the year of the accident there did not appear in said Department any other motor vehicle registered in Mena Buxeda's name with the exception of the Studebaker pick-up, license No. C-68-326, and that on the date of the registration, October 19, 1950, the vehicle was brand new and that (b) since April, 1950 a "Willys" vehicle has been registered under the name of Juan Antonio Amador, and also (3) the oral testimony of codefendant Mena Buxeda and his father-in-law Juan Antonio Amador and the written statement given by Arturo Gigante, Jr., in the criminal action against Mena Buxeda.

The theory supported by defendants' evidence is, in brief, to the effect that on the day of the accident, between 5:00 and 6:00 p.m., Mena Buxeda was driving his vehicle from Hatillo to Arecibo accompanied by his father-in-law; that while he was travelling at a speed of 35 to 40 miles per hour, according to Mena Buxeda's testimony, or at 40 to 45 miles per hour, according to the written testimony of Gigante, Jr., the aforesaid codefendant saw minor Portalatín on his bicycle about half a kilometer before passing him, and that he swerved to the center of the highway in order to allow pas-

518

sage to the bicycle; that after the front of the vehicle had already passed alongside the bicyclist he heard a blow against the right rear side of the vehicle and that Mena Buxeda immediately stopped the vehicle and alighted from it finding the bicyclist lying in the highway about 40 feet from the pick-up; that immediately after the accident there appeared in the vehicle the dent which the photographs show; that Mena Buxeda had acquired that vehicle brand new in October 1950, that its tires were in good condition, almost new, at the date of the accident; and that on that date it had not rained and the pavement was dry.

Appellants argue that the trial court should not have given credit to plaintiff's witness Jaime Rivera Urdaz and assign several reasons therefor. They allege that the testimony of said witness to the effect that Mena Buxeda's vehicle ran over the minor with its front part and that its tires were worn out was refuted by the photographs presented in evidence. Appellants are mistaken. The photographs were taken several days after the accident and their probatory value rests on whether or not the trial judge believed defendants' testimony to the effect that at the time of the accident the vehicle was in the same condition as shown by the photographs. Once said witnesses were not believed, the trial judge was not bound to accept, as proved or uncontrovertible facts, that which was evidenced by the photographs.

Appellants likewise argue that plaintiff's evidence about the speed at which codefendant's automobile was running was refuted by Arturo Gigante's testimony as well as by the chart which appears in Blashfield's text, *Cyclopedia of Automobile Law and Practice*, Vol. 9, Part II, § 6237, p. 703, used by this Court in *Rosado v. Rosario*, 69 P.R.R. 158,[1] and pursuant to which, according to appellants, a vehicle which is running at 60 miles per hour covers a distance of 226 feet

---

[1] The opinon delivered by Mr. Justice De Jesús in the aforesaid case, where the Blashfield chart is applied, is not a majority opinion.

from the time the driver sees the danger until the car is brought to a full stop.

However, if we discard plaintiff's evidence concerning the speed of the vehicle, defendants' evidence would show that it was 40 to 45 miles per hour. Under certain circumstances such a speed might be considered excessive, as found by the trial court. The facts which said court deemed proved support its conclusion to the effect that the speed of Mena Buxeda's vehicle was not, at the time of the accident, regulated with due care, taking into account the width, the traffic, use and condition of the highway, as provided by § 15(a) of the "Automobile and Traffic Act."[2]

Appellants further allege that the trial court could not correctly conclude that Mena Buxeda was guilty of negligence in failing to keep his vehicle farther away from the edge of the highway, or in not giving due warning of its approach, or in not having stopped before the accident occurred. They argue that "the fact that the front part of the pick-up had already passed alongside the bicyclist without causing him the slightest damage clearly shows that the driver kept his vehicle at a cautious and reasonable distance from the right edge of the highway, and also that the bicyclist was not in a position of danger or in a position which indicated his intention of swerving suddenly, which would have warned defendant Mena Buxeda to take greater safety measures than those which he was observing while driving his vehicle." To support this argument they cite the case of *Cantrell v. H. G. Hill Stores*, La., 193 So. 389.[3]

---

[2] Laws of Puerto Rico of 1946, p. 598.

[3] In *Cantrell et al v. H. G. Hill Stores*, 193 So. 389 (1940), a boy aged 10 years was driving his bicycle with his 12 years old sister seated on the bar which extends from a point just below the handlebars to a point just below the seat. Traveling in the same direction as the bicycle, a truck, driven by defendant's chauffeur and acting within the scope of his employment, passed about 3 to 4 feet to the left of the bicycle. The truck was traveling at a moderate speed (15 to 25 miles per hour). The horn of the truck was not sounded because the driver contended that there was no need for any warning since there was ample space. When the front of the truck had already passed the bicycle and the rear tire was parallel

This argument is faced with the difficulty that the facts in the case of *Cantrell, supra,* are not similar to those which the trial judge considered proved in the case at bar. Consequently, the ruling of the former case is inapplicable to this unless we reach the conclusion that the accident occurred in the manner explained by defendants. Of course, to reach this conclusion we would have to set aside the findings of fact made by the trial court on the basis that they are clearly erroneous, because they are fundamentally based on oral testimony. Rule 52(a) of the Rules of Civil Procedure. Nevertheless, after a careful inspection of the record we are not definitively and firmly convinced that an error was committed. Therefore, we shall not disturb on appeal the findings of the lower court. *Cf. United States v. Oregon Medical Society,* 343 U. S. 326; *United States v. United States Gypsum Co.,* 333 U. S. 364; *McAllister v. United States,* 348 U. S. 19.

In view of all these considerations we can not agree with appellants that the trial court committed manifest error in weighing the evidence and in concluding that codefendant Armando Mena Buxeda was guilty of negligence and therefore we are not inclined to alter the result of the case. See, among other cases, *López v. Am. Railroad Co. of P. R.,* 50 P.R.R. 1; *Torres Pérez v. White Star Bus Line,* 50 P.R.R. 680; *Reyes v. Umpierre,* 50 P.R.R. 387; *Mason v. White Star Bus Line,* 50 P.R.R. 794; *Rivera v. Colón,* 58 P.R.R. 160; *Bernard v. P. R. Ry. Light & P. Co.,* 60 P.R.R. 213; *Pillot v. White Star Bus Line,* 59 P.R.R. 160.

The judgment will be affirmed.

Mr. Justice Ortiz did not participate herein.

---

with it the bicycle swerved to its left and collided with the rear of the truck.

It was concluded that the chauffeur was not negligent in failing to sound the horn, notwithstanding a municipal ordinance requiring a signal with the horn when intending to pass. Since the traffic was heavy and there was no obstruction in the path of the bicycle the driver was not bound to anticipate that the child would swerve to his left.